**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PAXTON GREER,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02864-SHL-jay |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REVERSING AND REMANDING DECISION OF THE COMMISSIONER**

Before the Court is United States Magistrate Judge Jon A. York's Report and Recommendation ("R&R"), filed July 9, 2026, on Plaintiff Paxton Greer's Complaint and Petition for Review. (ECF No. 21.) Greer appeals a final decision of the Commissioner of Social Security denying his application for Title II disability insurance benefits. (ECF No. 16 at PageID 564.)

In the R&R, Judge York recommends that the decision of the Commissioner be reversed and remanded. (ECF No. 21 at PageID 595.) The Magistrate Judge first reasons that the Administrative Law Judge ("ALJ") presiding over Greer's social security proceedings failed to articulate "how she considered the factors of consistency and supportability when evaluating the persuasiveness of" witness "Dr. Mohan's medical opinion." (Id. at PageID 603.) Judge York finds this lack of explanation contrary to 20 C.F.R. § 404.1520c. (Id. at PageID 601.) Second, Judge York reasons that the ALJ's conclusion that no right leg "wasting" occurred is unsupported by substantial evidence in the record, particularly because there was direct, contrary evidence on that issue that the ALJ "dismiss[ed]." (Id. at PageID 604–05.) Third, Judge York reasons that much of the ALJ's decision is supported by assumptions about Greer's symptoms

and employment termination. (Id. at PageID 606.) Judge York notes that the ALJ (a) did not ask Greer "a single question . . . as to his knowledge of or efforts to use" reduced rate or free medical services, before relying on that lack of treatment in her ruling; and (b) did not inquire into whether Plaintiff's alleged impairments may have impacted his ability to work. (Id.) Based on these errors, Judge York recommends reversal and remand for the ALJ to "hold an additional hearing to gather additional evidence and avoid assumption." (Id.) Objections to the R&R were due on July 23, 2026, and none were filed.

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for a disposition. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Because no objections have been filed, the Court reviews the R&R in its entirety for clear error and finds none. Therefore, the Court **ADOPTS** the R&R and **REVERSES** and **REMANDS** the decision of the Commissioner.

**IT IS SO ORDERED,** this 31st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE